IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY R. BARNES,**

                        **Petitioner,**

        v.                                           **CASE NO. 22-3299-JWL-JPO**

**CHANDLER CHEEKS,**

                        **Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and state prisoner Anthony R. Barnes. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons explained below, the Court will dismiss this matter for lack of jurisdiction and deny as moot the motion for leave to proceed *in forma pauperis* (Doc. 2).

### Background

Petitioner is serving a state-imposed prison sentence of life without the possibility of parole for 25 years for first-degree premeditated murder and a consecutive 14-month prison sentence for aggravated assault. *See Barnes v. State*, 2016 WL 6393386, *1-2 (Kan. Ct. App. Oct. 28, 2016) (unpublished), *rev. denied* August 29, 2017. In his current petition for federal habeas relief, Petitioner challenges these convictions, raising claims of ineffective assistance of trial counsel, misconduct by the prosecuting district attorney, and an abuse of discretion by the trial judge. (Doc. 1.) Petitioner has previously filed multiple habeas corpus actions in this district challenging these convictions. The first was dismissed on April 21, 2021 as a mixed petition, meaning that it included both exhausted and unexhausted claims. *See Barnes v. Cheeks*, Case No. 18-3134-SAC, Doc. 14. The second was dismissed on August 10, 2022 as time-barred. *See Barnes v. Cheeks*, Case No. 22-

3138-SAC, Doc. 5. Petitioner did not appeal either of the dismissals. On December 7, 2022, the Court received Petitioner's third petition under § 2254 seeking to challenge the same convictions. (Doc. 1.)

**Analysis**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

The Court has conducted a preliminary review of the petition and finds that this matter is an unauthorized successive application for habeas corpus. The petition now before the Court is identical to the petition filed in Petitioner's most recent § 2254 proceeding, with the addition of the words "Actual in[nocence]" and "New Evidence" in the section of the petition regarding timeliness. *Compare* (Doc. 1) *with Barnes v. Cheeks*, Case No. 22-3138-SAC, Doc. 1. As noted above, the Court has previously held that § 2254 challenges to these convictions are time-barred. "[T]he dismissal of a § 2254 petition as time-barred is a decision on the merits for purposes of determining whether a subsequent petition is second or successive." *Shirley v. Davis*, 521 Fed. Appx. 647, 648 n.1 (10th Cir. 2013) (unpublished) (citing *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995), and additional cases). Thus, the petition currently before the Court is a second petition for relief under § 2254.

Under 28 U.SC. § 2244(b), "the filing of a second or successive § 2254 application is tightly constrained." *Case v. Hatch*, 731 F.3d 1015, 2026 (10th Cir. 2013). Before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not done so.

When a petitioner fails to obtain the prior authorization, the federal district court must dismiss the matter or, "if it is in the interest of justice," transfer the petition to the court of appeals for possible authorization. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). To decide whether the

2

interest of justice requires transfer to the Tenth Circuit for possible authorization to proceed on a successive habeas petition, the Court considers "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith." *See In re Cline*, 531 F.3d at 1251. Because Petitioner's prior federal habeas proceeding was dismissed as time-barred, it is likely that any claims in the present petition would also be time-barred.

Thus, the Court concludes that it would not serve the interest of justice to transfer this matter to the Tenth Circuit for possible authorization of this successive § 2254 petition. The Court will instead dismiss this matter without prejudice for lack of jurisdiction. Because the Court lacks jurisdiction over this matter, it will deny the motion to proceed *in forma pauperis* (Doc. 2). If Petitioner wishes, he may independently apply to the Tenth Circuit for authorization to proceed with this petition.

## Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** as an unauthorized successive petition under 28 U.S.C. § 2254, which the Court lacks jurisdiction to

3

consider. Therefore, the Motion for Leave to Proceed in forma pauperis (Doc. 2) is **denied as moot**. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 7th day of December, 2022, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>

JOHN W. LUNGSTRUM
United States District Judge